Our next case is 24-2074, United States v. Vazquez-Garcia. May it please the Court, J.K. Theodosia Johnson on behalf of Mr. Vazquez-Garcia. This case is about fundamental fairness in sentencing. Due process requires that any fact used to increase a sentence be proven by a preponderance of the evidence. Here, the District Court decided that Mr. Vazquez-Garcia's 2018 conviction for child abuse necessarily included sexual assault of a child. It did so because the PSR included the allegations underlying Mr. Vazquez-Garcia's charges, that there was nothing in the PSR to give them any sort of indicia of reliability. There was no objection, though. There was no objection, but McDonald pointed out that any objection has to specify what about the fact is inaccurate or untrue. In here, the statement about the allegations was accurate. It was an accurate statement of what gave rise to the charges, but it says nothing about the truth underlying those allegations. Well, the rule says that if you don't object, the Court can accept them as truthful findings of fact. But it's a truthful finding of fact as to the allegations, not to as what the conduct actually was. I mean, it's a basic tenet of our law that an arrest doesn't equal guilt, and that's what this is here. She's taking the allegations of an arrest and treating it as evidence of guilt. He pled guilty. He pled guilty, and he had an obligation, an affirmative obligation, if he challenged the factual accuracy of any of the statements in the PSR, he had to object, and he didn't object. Well, again, I'm going to rely on the fact they're allegations, and he did contest them when Judge Strickland pushed him for it. He repeatedly said that there was no sexual assault, that there was no sexual abuse, that it was very heavy. And the fact that she engaged in this conversation about the underlying facts did put it at issue and did constitute sort of an objection on his part, or on her part. We have case law that says the representative party's objections during a colloquy with the Court cannot overcome a failure to object to the PSR. But Harrison also said that if the Court engages in that conversation, that it does count as an objection, though belatedly. No, it didn't. It said that the rule governs and that you take them as findings. The district court is completely within its authority to take them as findings of facts. But Harrison also said that if there was a debate about it and they engaged in it, that they could engage with those facts, despite the lack of objection. I have a question, please. If there were no objections made, aren't we on plain error review up here? Yes, but it is a due process constitutional requirement. And if they relied on inaccurate statements, that requires reversal. I'm not convinced of that yet, counsel, so you better proceed. Well, the categorical cases explain the difficulty. The categorical cases have absolutely nothing to do with the issue before us. I disagree, because the categorical cases explain the difficulties of looking back in time. And any time you rely, you make a conclusion now about something that happened in the past, it's mere speculation. And that's why the categorical cases limited it to the facts of conviction. And these concerns exist outside. Are there any categorical cases that deal with the PSR? No. Every categorical case ever decided has to do with the ACCA, right? Correct. But I think the concerns about looking back in time and what the categorical cases teach us about that are relevant here. Well, what do we do with Federal Rule of Criminal Procedure 32-I-3-B, which says that the district court may accept any undisputed portion of the pre-sentence report as a finding of fact, not an allegation, a finding of fact? Well, it's a fact of allegation. It's not a fact of conviction. And he did contest this when he pled not guilty. He contested those allegations. And again, when he kept telling Judge Strickland that he didn't do anything. What did he plead guilty to? He pled guilty to child abuse, which has no elements of sexual assault or any sexual element at all. And that's why you can't presume that any sort of sexual misconduct occurred. I mean, it's speculation that that's why that conviction ended up. Well, I mean, he didn't object to the statement in the PSR which included him propositioning his stepdaughter and groping her, right? Grabbing her breast. Correct. Okay. So if we don't agree with you that the district court couldn't rely on those because they weren't objected to, then the district court didn't err here. But it did, because it's just speculation that's what happened. You know, you can't just include any statement in the PSR in hopes that it converts it to reliable evidence if counsel doesn't object. And, I mean, I think that it's a basic tenet that you – and I understand the difficulties, right? But most of the PSR objections deal with the conduct, the relevant conduct and conduct that was at issue in the offense and not conduct that occurred six years prior that we don't know the source of. Well, if he objected to that part of the PSR, then it would have required the government to bring forth witnesses and testimony at sentencing if they wanted to advance that theory for sentencing. So, you know, it's not like your client was left floundering without a path to challenge this, because there's a very well-settled way to do it. And then that forces Judge Strickland to evaluate testimony, and your client could have got on the stand and denied these allegations and it would have been sorted out. And that's why the rules are the way they are. It's just very tough on plain error review to go get around the fact that there was a path to challenge the allegations here. Yes, but the sentence is also substantively unreasonable because the court's explanation contained really scant analysis. All she ever said about why this variance was necessary was that the facts of the case warrant it. But we don't know exactly what facts she really thought warranted it, though she did keep referring to the sexual assault. But why those were so important to take it outside the heartland? You know, the guidelines have considered offense levels and offender characteristics, including aggravating and mitigating factors. It's baked into the guidelines. And even the government thought that Mr. Vasquez-Garcia's conduct didn't warrant even a top-of-the-guideline sentence. It asked for 20 months, and it did so in part because the guidelines took into account his prior conviction by adding 10 to his level and three criminal history points. And, you know, Crosby was discussing, like, you have to explain why a sentence doesn't... Is that a procedural unreasonableness argument? You're advancing that the explanation was inadequate? Well, as this court has acknowledged, it's murky, right, because it is procedural. But also, when the explanation itself is so short and so scant of analysis that you can't reliably review it, that you are left guessing at what facts and why those facts warranted it, that it's a substantively unreasonable sentence. Here, the district court addressed all seven of the 3553A factors, right? She invoked them, but she didn't actually engage with them. She didn't have, like, a credible, in-depth consideration about, like, you know, why does... I don't know what that was. Okay, sorry. It flustered me. So she just kind of goes through them by rote, and she doesn't say, you know, when she's considering the guidelines, she said, you know, it's a 24 to 30 range. I find that, you know, there's not a presumption of... You know, I don't think the presumption of reasonableness applies in direct, but if it does, I think it's warranted by the facts of this case. Again, with the disparity, which... And she had the JSON data in front of her, which shows that the average sentence for Mr. Vasquez-Garcia's offense level in criminal history points is 19 months, which is almost exactly what she varied upwards by. So she knew there was a disparity, and all she said was the facts of the case warranted. But we don't really know why the facts warrant it. What is so terrible about Mr. Vasquez-Garcia's conduct that puts him so far outside the guidelines? And there's nothing for us to really engage with to review that, and that's why it's substantively unreasonable. I have a question, please. Were you trial counsel in this matter below? No. Because what you just explained to me, as a trial court, it may not be in great detail, but it's not enough to accuse the trial court, I believe, of just being absolutely wrong. So the trial, whoever was the lawyer below, on the basis of what you just explained, should have been objected. And yet there's no objection. Preservation, yes, you're correct about that. But preservation isn't an end of itself. It's a means to a fair outcome. And yes, in a perfect world, she would have objected, and there would have been a more solid record. But still, what we're left with is the court using allegations and an arrest to say that Mr. Vasquez-Garcia has done the worst of the worst, and he requires this above-guideline sentence. But have we, I was thinking that there's a couple of cases, Gall and another, that actually says that the trial court can consider much wider than just being strictly limited. Am I not correct there? No, you are correct. But these facts have to be proven by preponderance. They have to have some addition of reliability. And what this court has said are addition of reliability, the fit and submissions, which we don't have here, independent Which counsel requires an objection. Right? I think that there is a independent due process requirement that the facts be by preponderance. And I think that as a judge, that she knew that the allegations were that, just that, and there needed to be some sort of, something more than a preponderance for her to rely on them. In Watts, was it Watts? No, it was Williams. Perfect People v. Williams, the judge there who did use the other burglaries had the defendant's admission that those had happened. So there was a preponderance there. So are you arguing that Federal Rule of Criminal Procedure 32I3A is unconstitutional? I mean, because that rule says you don't object, we get to treat it as fact. It's true, but then I come back to, it's the fact of the allegations. It's what gave rise. No, that's not what the rule says. It's not a fact of an allegation. It's fact. If you think the PSR is inaccurate in what it says you did, you need to object so that the district court can undertake whatever process is necessary to determine by a preponderance whether or not it is fact. I mean, the guidelines say you can't consider just arrests, right? There has to be something more. That's not responsive. You noticed that, did you? Well, it's just fundamentally unfair. So you're saying the rule is fundamentally unfair? Yes. But the rule would allow, it would allow process if, as I think Judge Timkovich already explained, if you have an objection, there's an obligation on the district court to do whatever it needs to do to meet that preponderance threshold. But if nobody calls to the attention of the district court that this is false, then the district court has no reason to doubt it because under the rule it's deemed fact. I mean, I know that you disagree with me, but it's the fact of allegations is what gave rise to the charges. And as a judge, she knows there's a gulf between allegations and what actually happens. And it's her. So she has a sua sponte duty, even without an objection, to undertake some type of evidentiary procedure to challenge the statements in the PSI. I'm out of time, but may I address your question? I think so, and I think she recognized that when she kept pushing Mr. Vasquez Garcia to admit that there was some sort of sexual misconduct. She was trying to get some sort of evidentiary something that proved to be preponderance. Thank you. Thank you, counsel. Mr. Braun. May it please the Court. James Braun on behalf of the United States. I don't believe that the judge was trying to develop evidence when she was questioning the defendant. And I think she was trying to understand why he engaged in that conduct. Because under 3553A, she had to look at the history and characteristics of the defendant to determine the appropriate sentence. Now, as far as the interplay between Rule 32I and the Due Process Clause, this Court said in United States v. Strayer, cited at page 11 of the government's brief, that the due process problem was addressed in the 1983 amendments to Rule 32 that provide for this process when there are allegations of inaccurate information in the PSR. And as Judge Timkovich and Judge McHugh, you've both noted, there is a process when the defendant objects. And that process is short-circuited when a defendant fails to object and then raises challenges to the facts on appeal. If the defendant had objected, Rule 32F provides that the probation officer can meet with the parties. It can engage in further investigation and then revise the PSR if necessary. By not objecting, there is a consequence to that. The consequence is, under Rule 32I, the Court can accept any unobjected-to information as a finding of fact. And here, if you look at the PSR, there are facts stated in the PSR in this regard, at page 6 of the PSR. Fact, while speaking with the victim, officers noted that she was visibly upset with tears on her cheeks. That's not just an allegation. That's a statement of fact. And by not objecting to it, that becomes a finding of fact by the district court. Now, the one area where there may be some gray area is the statement that the victim stated the defendant grabbed her left breast over her T-shirt. Now, arguably, you could say, okay, well, by not objecting, I'm agreeing that she said that. I'm not agreeing. It's true. So then you would look at, okay, well, is there corroborating information? The corroborating information would include the unobjected-to facts of the officer's observations. And the officers, again, observed things that were consistent with what the stepdaughter reported happening. The fact that she was visibly upset with tears on her cheeks. The fact that the defendant was outside with a beer, which corroborated what the victim had said about the defendant getting a beer. The fact that the defendant pled guilty corroborates that. One thing that bothers me about this case, and we have some others with a similar background, and it seems to me that the court is, it's a legal reentry case. And the court's going back, you know, 6, 8, 10 years for looking at other conduct. And I know that's permissible. But this one almost has a sense, you know, the defendant pled guilty to child abuse, not to sexual assault. That is the suggestion in the PSR. And I get the sense that the district court is basically enhancing a sentence for illegal reentry because it thought that he didn't get charged and convicted of child sexual abuse. You know, but he did get, you know, there was a deal cut in court or wherever that was. And he served his time and paid the price for those, for the conduct that, you know, was appropriately charged and convicted in the other jurisdiction. So, yeah, it's sort of a long-winded explanation. But, you know, is he being sentenced twice for, you know, conduct that occurred previously? Well, the district court made it very clear that that's not what she was doing. In immigration cases, looking at the nature, the history and characteristics of the defendant, that's a very important factor, as this court stated in Malachi, which we've cited as well. And that determines the severity of the reentry offense is what is your prior criminal history? What acts have you engaged in while you were here in the United States? And the fact that he returned so quickly after having served his sentence in that case, that was also important to the district court. Would it be proper for a district court to conclude that the previous crime, the court in the previous crime gave too lenient a sentence? And so I'm going to, in my illegal reentry case, I'm going to enhance that sentence because he got an unfair deal down in Florida. Could a district court do that? We don't think that would be appropriate, no. And that's simply not what happened here, though. And the district court went out of her way to make the point I'm not resentencing you on that case. I'm looking at the fact that you were convicted of child abuse. I'm looking at the underlying facts of what you did and factoring that into the 3553A factors. She did vary greatly. She varied 18 months from the top end, yes. Yeah, and I guess to what extent do we say, well, yeah, that's what she said, but it sure looks like this got bumped significantly based on the prior crime. The prior crime and the acts surrounding it certainly played a significant factor in the sentence the court imposed, but the court went to great lengths, again, to talk about all of the 3553A factors. You mentioned all seven of them, and she didn't just give cursory note of them. She didn't just cite them. She actually said how they applied here. The fact that this is a serious offense, the reentry offense, because of his prior background, the need to afford adequate deterrence to criminal conduct, she considered all of those factors with regard to this specific defendant's background and characteristics, and she was not simply sentencing him for his or resentencing him for his prior offense. Now, to the extent that prior offense was child abuse and the judge focused on the sexual assault dynamics of it, as the defendant cites in his brief at page 9, the elements of child abuse in Florida, the first element is intentional infliction of physical or mental injury upon a child, and certainly those facts could have constituted mental injury to this child, and so I think that's why the district- Doesn't the guideline range already capture some of that? It captures some of it, but it doesn't capture all of the facts surrounding that prior, and so it takes into account how long he served and those types of things, but not the specific facts, and that's where 3553A comes into account, and that these unobjected-to facts cause the district court to believe that this defendant was deserving of a greater sentence than the guidelines provided for. How much of a discrepancy of the sentence given by the district court to the general average that's in the PSR should cause us concern? The fact that it's a variance from the average, so to speak? Sure. It's much higher. Right, right, and I think the court specifically said to the extent there is a variance, it's warranted here, and I think this court has to take that at face value, that the court actually did consider, you know, this may create a variance, but it's warranted here for these reasons. It was warranted because of the prior child sexual assault, right? I don't believe that was the only, I don't believe that was the only fact that there were other, there was a 2005 conviction for theft, a 2006 conviction for driving under the influence of alcohol, and the district court specifically referenced that as well, so it's not like the court was single-mindedly focused on this prior child abuse offense. It referenced all of the defendant's prior history, and again, in the fact that he returned so quickly after having been removed, that also factored into the court's decision.  I can't remember the exact, the judge said very quickly, and I can't remember the timeframe off the top of my head. I believe it's in the briefs, though. Now, as to substantive reasonableness, you know, the defendant's argument consists of basically three sentences in the brief, and the focus is on that the district court gave undue weight to this prior. As we've noted in our brief, the court didn't unduly focus on this one prior conviction, although that did play a substantial factor, but again, under Molokai, there's nothing inappropriate about that. The court can give greater weight to one factor over another, and in a 28-J letter filed last week, the defendant raises a new argument based on this court's decision from last October in United States v. Crosby, and tries to kind of expand on the substantive reasonableness argument. We would submit that this court generally doesn't consider new arguments in a 28-J letter, and that the court should decline to do so here, but even if the court considered Crosby, it's distinguishable on many fronts. Unless the court has any other questions for me, we would ask that the court affirm. Thank you, counsel. Counselor excused, and the case is submitted. Thank you.